UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DONALD TILLMAN, and JOHN KENT,

     Plaintiffs,

v.

     Case No. 10-cv-12253

     HONORABLE STEPHEN J. MURPHY, III

ANDREAS APOSTOLOPOULOS,
individually and in his capacity as owner
of Triple Properties, Inc., Triple Sports &
Entertainment LLC, and Triple Investment
Groups, LLC,

     Defendant.

_____/


## ORDER JOINING TRIPLE SPORTS & ENTERTAINMENT, LLC AND FRANKLIN SECURITY, LLC AS NECESSARY PARTIES AND DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION

This is a breach of contract and unjust enrichment action predicated on alienage jurisdiction, 28 U.S.C. § 1332(a)(2). After screening the complaint for the existence of subject matter jurisdiction, the Court ordered Plaintiffs to show cause why three additional entities referenced in the original complaint should not be joined as indispensable parties under Rule 19 of the Federal Rules of Civil Procedure. Plaintiffs filed a timely response and attached a First Amended Complaint ("FAC") with evidentiary support for their claims.[1] Defendant also filed a brief arguing that at least two of the three additional defendants named by the Court in its show cause order should be joined as indispensable parties. The

_____

[1] Plaintiffs' response includes an affidavit by Don Tillman that contains various irrelevant and possibly defamatory statements about defendant Apostolopoulos. Because the Court will be dismissing the action, it will strike the affidavit from the docket to prevent such unrebutted allegations from remaining in the record. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").

Court has reviewed the amended complaint, as well the parties' briefs and attachments thereto, and concludes that it must join one additional entity as a plaintiff and one entity as a defendant. Once this happens, however, alienage jurisdiction is no longer available. Diversity jurisdiction is also unavailable. As the complaint asserts only state law claims, the Court lacks subject matter jurisdiction and must dismiss the action. The dismissal will be without prejudice.

**DISCUSSION**

Plaintiffs' first amended complaint asserts claims against defendant Andreas Apostolopoulos in his individual capacity; not, as the original complaint alleged, in his "capacity as owner" of three Michigan companies. Additionally, Plaintiffs have removed all ambiguous references to "Defendants" that were present in the original complaint, demonstrating that the claims asserted are solely against Apostolopoulos. Plaintiffs assert in their response that the three Michigan companies inadvertently referenced in the original complaint are not parties that must be added pursuant to Rule 19(a) of the Federal Rules of Civil Procedure.

Plaintiffs allege in count one that they "verbally contracted" with Apostolopoulos and promised to provide security services at the Silverdome building located in Pontiac, Michigan. FAC ¶¶ 43. Plaintiffs agreed to monitor the Silverdome facility and entrances, and to supply security personal to work at various events at the facility. *Id.* ¶ 16. Plaintiffs sent Apostolopoulos monthly invoices for services rendered during the prior month and Apostolopoulos would pay the invoiced amounts. Count one alleges that Apostolopoulos breached the verbal contract by failing to pay Plaintiffs for a portion of the security services they performed for him. *Id.* ¶¶ 43-44, 48.

Although Plaintiffs assert in their *brief*[2] that they made a verbal agreement with Apostolopoulos *personally* for the provision of the security services at the Silverdome premises, and that Apostolopoulos was not acting on behalf of any company, it is clear from the invoices attached to Defendant's brief that the verbal agreement was between Franklin Security, LLC and Triple Sports & Entertainment, LLC ("Triple Sports"). Two invoices, dated April 1, 2010 and May 10, 2010, contain a "Franklin Security, LLC" logo toward the top of the page and are addressed to "Triple Sports & Entertainment L.L.C." *See* docket no. 10, exs. 2 & 3. The invoices cover the following services: "Controller Guard" and "North Gate Guard." *See id.* Defendant also submits a check made payable to Franklin Services by Triple Sports in payment for the security services invoiced on May 10, 2010. *See id.* These invoices are clearly the invoices referenced in the first amended complaint at paragraph 17. FAC ¶ 17 ("Like any standard work-hire arrangement, Plaintiff would invoice Defendant for the security services they rendered."). The invoices and the check demonstrate that any verbal agreement for provision of security services at the Silverdome was one between Franklin Security and Triple Sports, and not one between defendant Apostolopoulos and plaintiffs Tillman and Kent.[3]

A. Rule 19(a) Analysis

Even if Apostolopoulos, Tillman, and Kent were also parties to the verbal agreement, which the Court highly doubts, Triple Sports and Franklin Security are necessary parties

---

[2] Plaintiffs do not specifically allege in their amended complaint that they contracted with Apostolopoulos personally, only that Apostolopoulos was the person with whom they corresponded regarding their promise to provide security services at the Silverdome.

[3] Moreover, allegations in the original complaint further demonstrate that Franklin Security, LLC was a party to the verbal agreement. *See* Compl. ¶ 17 ("On or about January 2010, Plaintiffs *and their security company, Franklin Security, LLC*, were hired to provide security services at the Silverdome site." (emphasis added)). It is telling that Plaintiffs excluded all references to Franklin Security, LLC in the amended complaint.

that must be joined under Rule 19 of the Federal Rules of Civil Procedure. Rule 19(a) provides that a person must be joined in an action if: 1) in the person's absence, the court cannot provide complete relief to the existing parties, or 2) if disposing of the action would impair or impede a non-party's ability to protect its interest in the action, or would leave an existing party subject to substantial risk of incurring multiple or otherwise inconsistent obligations because of the non-party's interest in the action. Fed. R. Civ. P. 19(a)(1). A court may raise the issue of joiner *sua sponte*. *See Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 676 (6th Cir. 2004).

Triple Sports meets the requirements of a necessary party under Rule 19(a)(1)(B). It is the entity with whom Plaintiffs (or rather, Franklin Security, LLC) had a contractual relation, and therefore has a real interest in the claims for enforcement of the contract. "'If the absent party has a legally protected interest in the subject matter of the action -- i.e., he is a party to a contract at issue -- he falls squarely within the terms of [Rule 19(a)(1)(B)].'" *Onyx Waste Servs., Inc. v. Mogan*, 203 F. Supp. 2d 777, 786 (E.D. Mich. 2002) (quoting *Burger King Corp. v. Am. Nat'l Bank and Trust Co. of Chicago*, 119 F.R.D. 672, 675 (N.D. Ill. 1988)). The interest need only *relate to* the subject of the action; it need not be a *direct* interest in the action. *Id.* Triple Sports satisfies this requirement.

Allowing the action to go forward without joining Triple Sports as a defendant also may impair its ability to protect its interests in the contractual relationship. Furthermore, not joining Triple Sports may leave existing defendant Apostolopoulos subject to incurring double obligations. Were Plaintiffs to sue Triple Sports on the verbal contract in a separate action and seek to pierce the corporate veil in order to hold him liable for the obligations of

his company,[4] he could be subject to double or inconsistent obligations. Apostolopoulos has a right to have his liability to Plaintiffs determined in a single action. Accordingly, Triple Sports is a necessary party.

Franklin Security also meets the requirements for a necessary party. Franklin Security is a party to the verbal agreement for security services that Plaintiffs seek to enforce in count one. It too has a real interest relating to the contract at issue in count one. Franklin Security cannot protect that interest if it is not a party to the action. Moreover, not joining Franklin Security could leave Apostolopoulos subject to a risk of incurring double obligations. Franklin Security could later sue Triple Sports and Apostolopoulos on the alleged verbal contract in a separate action and seek to hold Apostolopoulos liable for the obligations of his company. Accordingly, Franklin Security is a necessary party that must be added as a plaintiff.

Franklin Security may be added as a plaintiff[5] without destroying alienage jurisdiction since its members probably are citizens of Michigan or another state, and Apostolopoulos is a citizen of Canada. *See* 28 U.S.C. § 1332(a)(2); *Delay v. Rosenthal Collins Group, LLC*,

---

[4] This is not an unlikely scenario. Plaintiffs alleged in their initial complaint that Apostolopoulos was the owner of Triple Sports and sought to sue him in his ownership capacity. Compl. ¶ 10. Whatever else "ownership capacity" might mean legally, it at least means that Plaintiffs intended to hold Apostolopoulos liable for the obligations of his companies.

[5] Rule 19(a)(2) permits the court to order a person or entity be made a party to an action. If the person or entity refuses, the court may order it be made a defendant, or, in a "proper case," an "involuntary plaintiff." Fed. R. Civ. P. 19(a)(2). Franklin Security has not refused to be made a plaintiff, but neither has it willingly agreed. Assuming it would refuse, the Court could make it a defendant or possibly an involuntary plaintiff. But the Court need not decide whether to make Franklin Security a defendant or an involuntary plaintiff because, as discussed below, once Triple Sports is added as a defendant, alienage jurisdiction is destroyed and diversity jurisdiction is unavailable. This is true regardless of which side of the dispute the Court places Franklin Security on, making the labeling of Franklin Security in this action unnecessary.

585 F.3d 1003, 1005 (6th Cir. 2009) (limited liability company is deemed a citizen of each and every state of which its members are citizens).  Triple Sports, however, cannot be added without destroying subject matter jurisdiction under 28 U.S.C. § 1332(a).  Although Plaintiffs have not alleged the membership of Triple Sports and the citizenship of those members, the Court presumes that Triple Sports is a citizen of Michigan for purposes of diversity jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." (internal citation omitted)).  This is a fairly safe assumption given Plaintiffs' utter refusal to join Triple Sports in this action despite the clear need to do so.  There appears to be no other reason why a plaintiff, as party to a contract on which enforcement is sought, would fail to name as a defendant the other party to the contract.  It is evident that Plaintiffs refused to join Triple Sports so it could assert alienage jurisdiction and unlock the door to the federal courthouse.  If the Court is incorrect in this assumption, Plaintiffs should ask the Court to reconsider its ruling.

Once Triple Sports is added as a defendant, alienage jurisdiction under 28 U.S.C. § 1332(a)(2) is destroyed because of the presence of domestic parties on both sides of the dispute.  *See* 28 U.S.C. § 1332(a)(2).  Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) or (3) is also not available because the domestic plaintiffs and domestic defendants are not completely diverse.  *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *Peters v. Fair*, 427 F.3d 1035, 1038 (6th Cir. 2005).  That is, defendant Triple Sports and at least one plaintiff (Tillman, Kent, or possibly Franklin Security, if added as a plaintiff or involuntary plaintiff) are citizens of Michigan.

B. <u>Rule 19(b) Analysis</u>

Since joinder would destroy jurisdiction and is thus not feasible, the Court must determine whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

Rule 19(b) lists four factors a court must consider when determining whether a necessary party under Rule 19(a) is also indispensable under Rule 19(b):

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). The factors are not arranged in order of importance, nor is one factor determinative or necessarily more important than the other. *See Onyx Waste*, 203 F. Supp. 2d at 787. The principal focus is "equity and good conscience," and the analysis is conducted "in light of the equities of the case at bar." *Nat'l Union Fire Ins. Co. v. Rite Aid*, 210 F.3d 246, 252 (4th Cir. 2000).

The Court notes at the outset that " 'precedent supports the proposition that a contracting party is the paradigm of an indispensable party.' " *Onyx Waste*, 203 F. Supp. 2d at 787 (quoting *Nat'l Union*, 210 F.3d at 252); *see also Travelers Indem. Co. v. Household Int'l, Inc.*, 775 F. Supp. 518, 527 & n.13 (D. Conn. 1991) (citing cases). This principle in mind, the Court considers the various factors.

The first factor addresses many of the same concerns as does Rule 19(a)(1)(B), which the Court addressed above. Additionally, the Court finds that continuing with the matter in Triple Sports' absence would cause it prejudice given that it is a party to the verbal contract and presumably has a valid interest in defending itself against claims of

breach.  Apostolopoulos also would suffer prejudice were the Court to render a judgment without joining Triple Sports as a defendant.  Since the contract was between Plaintiffs and Triple Sports, Triple Sports should bear the burden of defending against Plaintiffs' claim.

The second factor considers whether the Court could lessen or avoid prejudice  by taking certain measures.  The parties have not offered any measures the Court could craft that would limit the prejudice, and the Court can conceive of none short of dismissing count one altogether.  But, it would waste judicial resources to have parallel lawsuits proceeding in state and federal court when all claims could be adjudicated by a state court. Accordingly, the second factor weighs in favor of dismissing the action.

The third factor considers whether any judgment rendered in the non-party's absence would be adequate.  This factor concerns the " 'social interest in the efficient administration of justice and the avoidance of multiple litigation.' "  *Republic of Philippines v. Pimental*, 553 U.S. 851, ---; 128 S. Ct. 2180, 2193 (2008) (quoting *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 737-38 (1977)).  A judgment in this case would not be adequate, particularly because in the event Plaintiffs lost on their claims against Apostolopoulos here, they could simply file a new action against Triple Sports for breach of the contract in state court.  The matter would not be res judicata since it would involve claims against a new defendant.  *See Adair v. State*, 470 Mich. 105, 121 (2004).  Plaintiffs would also not be subject to collateral estoppel because the issue of whether they had a contract with *Triple Sports* would not have been litigated in this action.  *See Monat v. State Farm Ins. Co.*, 469 Mich. 679, 682 (2004).  Piecemeal litigation is very likely if this action proceeds without Triple Sports as a defendant.  Consequently, any judgment the Court rendered in this case would not be adequate.

The fourth factor considers whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder. It is apparent that Plaintiffs will have an adequate remedy in state court, where lack of complete diversity would pose no bar the court's ability to hear the matter. Moreover, given that Michigan has a six-year statute of limitations for breach of contract claims, *see* Mich. Comp. Laws § 600.5807(8), the claim would not be time-barred if it were asserted in state court. Likewise, the equity-based claims for quantum meruit asserted in the amended complaint should not be barred by the doctrine of laches. *See Ford Motor Co. v. Catalanotte*, 342 F.3d 543, 550 (6th Cir. 2003). Plaintiffs' claims accrued only as early as January 2010. *See* FAC ¶ 36 ("Since January 2010, Defendant has yet to pay all the monies in their entirety as owed to Defendant [sic].").

The Court finds that in "equity and good conscience," and applying long-established principles of limited federal jurisdiction and judicial economy, it must dismiss the action rather than proceed without Triple Sports as a defendant. Given the necessity of joining Triple Sports demonstrated above, should the Court proceed without it, the Court runs the very real risk of having all of its future efforts in this case reversed on appeal. *See, e.g.*, *Pimental*, 128 S. Ct. at 2194 (reversing judgment of court of appeals and remanding with instructions to order district court to dismiss action); *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999) (reversing and remanding case post-judgment because district court failed to join indispensable party); *Ward v. Deavers*, 203 F.2d 72, 75 (D.C. Cir. 1953) (recognizing "general rule" that where rights sued upon arise from a contract all parties must be joined, and reversing final judgment because party to a contract was not joined). The required course, the Court concludes, is to dismiss the action at this juncture and permit Plaintiffs to proceed in state court.

**WHEREFORE**, it is hereby **ORDERED** that Franklin Security, LLC and Triple Sports & Entertainment, LLC are **JOINED** in this action. Triple Sports is added as a defendant.

**IT IS FURTHER ORDERED** that the matter is **DISMISSED**, without prejudice, for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the affidavit of Don Tillman (docket no. 8, ex. A) is **STRICKEN** from the record. The Clerk is ordered to replace the current image with a copy of this order.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 9, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 9, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager