UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD TILLMAN, and JOHN KENT,

    Plaintiffs,

v.

ANDREAS APOSTOLOPOULOS,
FRANKLIN SECURITY, LLC, and TRIPLE
SPORTS & ENTERTAINMENT, LLC,

    Defendants.
                                     /

Case No. 10-cv-12253

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING DEFENDANT
<u>APOSTOLOPOULOS'S MOTION FOR SANCTIONS</u> (docket no. 12)**

On September 9, 2010, the Court ordered that Franklin Security, LLC and Triple Sports & Entertainment, LLC be joined as necessary parties, thereby destroying alienage jurisdiction and resulting in dismissal of the action for lack of subject matter jurisdiction. *See* Order of Sept. 9, 2010.  One week later, on September 16, 2010, Defendant Apostolopoulos, filed a motion pursuant to Rule 11 of the Federal Rules of Civil Procedure, seeking from Plaintiffs $14,585.10 in fees and costs as a sanction for maintaining this action.  Because the motion is procedurally defective, the Court must deny it.

**DISCUSSION**

Rule 11 provides that an attorney who files a paper in federal court certifies that the filing is not being made for an improper purpose, that the legal claims are supported by existing law or by a non-frivolous argument for extending the law, and that the factual contentions have evidentiary support or will likely have evidentiary support after discovery. Fed. R. Civ. P. 11(b).  One who believes an opposing party has violated this provision may ask the court to sanction the party or its counsel for the violation.  Fed. R. Civ. P. 11(c).

The procedural requirements for seeking sanctions under Rule 11 are specific and exacting. For starters, "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2); *see also* Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments) (advising that request for sanctions may not be "simply included as an additional prayer for relief contained in another motion"). In addition, pursuant to the so-called "safe harbor" provision, a motion for sanctions must be served on the opposing party at least 21 days before filing the motion with the court, in order to provide opposing counsel with the opportunity to withdraw the allegedly improper paper. Fed. R. Civ. P. 11(c)(2).

The Sixth Circuit has held that the safe harbor provision is made "unquestionably explicit," and is an "absolute requirement" for seeking sanctions under Rule 11. *Ridder v. City of Southfield*, 109 F.3d 288, 296 (6th Cir. 1997). Therefore, a party seeking sanctions must follow its two-step process: "first, serve the Rule 11 motion on the opposing party for a designated period (at least twenty-one days); and then file the motion with the court." *Id.* at 294. A failure to follow this rigid procedure is fatal to a request for sanctions under Rule 11. *See, e.g.*, *id.* at 297 (denying Rule 11 motion for failure to serve motion on opposing party 21 days before filing motion in court).

In addition, Rule 11 requires more than simply providing informal notice of the moving party's intent to seek sanctions should the defective paper not be withdrawn within 21 days. Rather, a party seeking sanctions must serve the actual Rule 11 motion on the party sought to be sanctioned prior to filing it with the court. Fed. R. Civ. P. 11(c)(2). So-called "warning letters," in which the moving party simply advises the opposing party in a letter that it will seek sanctions unless the defective pleading is withdrawn, are not sufficient to satisfy Rule 11's safe harbor provision. Use of the word "motion," instead of "notice" in

Rule 11 makes plain this requirement. *See id.* The Advisory Committee Notes to the 1993 Amendments to Rule 11 also make clear that the party seeking sanctions must serve a copy of the motion, rather than simply give notice:

> To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the [1993] revision provides that the "safe harbor" period begins to run *only* upon service of *the motion*. In most cases, however, counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion.

Fed. R. Civ. P. 11 Advisory Committee Notes to 1993 Amendments (emphases added).

Although the Court has found no published Sixth Circuit decision squarely addressing the issue,[1] the majority of the courts to have addressed the issue agree that nothing less than service of *the Rule 11 motion itself* can satisfy the safe harbor provision. *See, e.g.*, *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006) ("[N]othing in subsection (c)(1)(A) suggests that a letter addressed to the alleged offending party will suffice to satisfy the safe harbor requirements."); *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) ("It would therefore wrench both the language and purpose of the [1993] amendment to the Rule to permit an informal warning to substitute for service of a motion."); *Bates v. Colony Park Ass'n*, 393 F. Supp. 2d 578, 601 (E.D. Mich. 2005) ("Binding Sixth Circuit precedent -- as well as the plain language of Rule 11 itself -- demonstrates that the July 22 warning letter from the CPA's counsel was not an adequate substitute for service of the CPA's actual motion." (citing *Ridder*, 109 F.3d at 296)); *McKenzie v. Berggren*, 212 F.R.D. 512, 514 (E.D. Mich. 2003) (rejecting argument that the "spirit of the safe harbor period" was

---

[1] *Ridder* is not controlling on the issue. The issue there was whether a failure to serve a motion on opposing counsel before filing it with the court could be excused, given that the pleading requested to be withdrawn had already been ruled upon. The court never addressed the question of whether a warning letter could satisfy the safe harbor requirement.

3

satisfied because party seeking sanctions sent warning letter threatening sanctions under Rule 11 before filing motion with the court); *Miller v. Credit Collection Servs.*, 200 F.R.D. 379, 381 (S.D. Ohio 2000) ("If the drafters of that Rule had deemed a letter suggesting that sanctions would be sought were sufficient, they could quite easily have used language to convey that intent, instead of that which was chosen."); *Harding Univ. v. Consulting Servs. Group, L.P.*, 48 F. Supp. 2d 765, 771 (N.D. Ill. 1999) ("Multiple warnings given to the plaintiff regarding defects in the presented claim are not [Rule 11] motions [for purposes of the safe harbor provision]."); *but see Nisenbaum v. Milwaukee County*, 333 F.3d 804, 808 (7th Cir. 2003) (holding that service of a letter, rather than a copy of the actual motion, can constitute substantial compliance with safe harbor provision); *Barker v. Bank one, Lexington, N.A.*, No. 97-57877; 1998 WL 466437, *2 (6th Cir. July 30, 1998) (unpublished decision) (holding that purpose of the safe harbor provision was satisfied by warning letters). The Court finds these decisions persuasive.

In light of the above standards, resolution of Apostolopoulos's motion is straight-forward. He failed to serve his Rule 11 motion on Plaintiffs or their counsel prior to filing the motion with the Court. He admits as much in his Rule 11 motion. *See* Def.'s Mot. 9 ("On June 29, 2010, before Defendant could provide a 'safe harbor' copy of the motion to dismiss and for sanctions[2] to Plaintiff's counsel, this Court issued a Show Cause Order . . . ."). Although Apostolopoulos's counsel mailed two letters to Plaintiffs' counsel indicating he would seek Rule 11 sanctions if Plaintiffs did not voluntarily dismiss the action, as stated above, these warning letters are insufficient to demonstrate a "strict adherence" to the safe

---

[2] To the extent Apostolopoulos's motion to dismiss included within it a request for sanctions under Rule 11, the request for Rule 11 sanctions would have been defective because Rule 11, as discussed above, requires that a motion for sanctions be made separately from any other motion.

harbor provision necessary to grant a party's motion to Rule 11 sanctions. *Cf. Ridder*, 109 F.3d at 297 ("Pragmatic realities require such strict adherence to the rule's outlined procedure.").

Perhaps in recognition of the motion's procedural shortcomings under Rule 11, Apostolopoulos, citing *Wrenn v. Gould*, 808 F.2d 493 (6th Cir. 1987) for support, relies also on the Court's inherent power to sanction a party for bringing a frivolous claim. While it is true that a district court has the inherent authority to sanction a party before it, before doing so, it must conclude that the targeted conduct was undertaken in bad-faith. *See First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002) ("[T]he imposition of inherent power sanctions requires a finding of bad faith.").

Apostolopoulos has failed to demonstrate that the conduct by Plaintiffs and their counsel in this case was undertaken in bad faith. Other than the simple citation to *Wrenn* in the Statement of Controlling Authority in its brief, Apostolopoulos has made no argument in support of his request that the Court exercise its inherent power to sanction Plaintiffs and their counsel. The entirety of Apostolopoulos's brief argues for sanctions under Rule 11, not the Court's inherent power. Likewise, the entirety of Plaintiffs' response brief argues that sanctions under Rule 11 would be improper due to the procedural deficiencies cited above. Apostolopoulos filed no reply brief arguing that, notwithstanding the procedural inadequacies of the Rule 11 motion, inherent power sanctions are still available and appropriate in this case.

Regardless, the Court would not sanction Plaintiffs and their counsel. Apostolopoulos failed to demonstrate that Plaintiffs and their counsel acted in bad faith by filing the action and later refusing to voluntarily dismiss it. Although Plaintiffs were wrong in believing that Triple Sports & Entertainment, LLC and Franklin Security, LLC were not

5

necessary parties that had to be joined in the action, it is not clear to the Court that their argument to the contrary was made in bad faith, such as for the purpose of simply harassing Apostolopoulos.

There is one last issue the Court must take up. In the final sentence of their response brief, Plaintiffs ask the Court to award them fees and costs incurred in responding to Apostolopoulos's Rule 11 motion. Absolutely no legal authority is cited in support of this request. Surely, Plaintiffs do not maintain that sanctions should be awarded under Rule 11; the request would be procedurally defective for the failure to request sanctions in a motion made separately from their response brief. *See* Fed. R. Civ. P. 11(c)(2). The request would be procedurally defective also because Plaintiffs failed to serve a copy of its response brief (which contained the request) on Apostolopoulos or his counsel 21 days before filing the response brief in court. It would be inconsistent for Plaintiffs to attempt to use Rule 11's procedural requirements to defeat a motion for sanctions, and then fail to follow those same requirements when seeking sanctions of their own. But because Plaintiffs failed to cite *any* authority in support of its request for fees and costs, the Court cannot rule out the possibility that Plaintiffs are requesting sanctions under Rule 11. To the extent they are, the request must be denied for failure to comply with multiple procedural requirements of Rule 11.

Rule 11 does provide, however, that, "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2); *see also id.* Advisory Committee Notes to 1993 Amendment ("[T]he court may award to the person who prevails on a motion under Rule 11 -- *whether the movant or the target of the motion* -- reasonable expenses, including attorney's fees, incurred in presenting *or opposing the motion.*" (emphases added)). Such

6

an award need not be preceded by a motion by the targeted party.  It is possible that Plaintiffs are relying on this provision of Rule 11.  But again, because Plaintiffs have cited no authority for their request, the Court cannot conclude that relief is sought under this provision.  But even if they were seeking relief under this provision, the Court does not find the award of fees and costs warranted.

Finally, to the extent Plaintiffs are requesting that the Court award fees and costs under its inherent power to sanction parties before it, Plaintiffs have failed to allege or demonstrate that Apostolopoulos and his counsel were acting in bad faith.  Given the absence of any binding authority in the Sixth Circuit for the proposition that warning letters threatening Rule 11 sanctions fail to satisfy the safe harbor provision, Apostolopoulos's request for Rule 11 sanctions in a procedurally defective motion was not frivolous or made in bad faith.  Accordingly, inherent power sanctions are not appropriate here.

**WHEREFORE**, it is hereby **ORDERED** that Defendant Apostolopoulos's motion for sanctions under Rule 11 (docket no. 12) is **DENIED.**

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 8, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 8, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager

7